# EXHIBIT A

**DECISION OF STATE AGENCY ON APPEAL,
IN THE APPEAL OF ERIC A. WONG,
DOCKET 145209, OCTOBER 30, 2013**

Minnesota Department of **Human Services** ————————————————————

**DECISION OF**

**STATE AGENCY**

**ON APPEAL**

In the Appeal of:    Eric A. Wong

For:                          Minnesota Supplemental Aid

Agency:                   Hennepin County Human Services

Docket:                   145209


On August 22, 2013, Human Services Judge Marion F. Rucker held an evidentiary hearing under Minn. Stat. § 256.045, subd. 3.


The following people appeared at the hearing:

Eric Wong, Appellant
Paul R. Hansmeier, Attorney for Appellant
Rita McDermott, Appeals Specialist – Hennepin County Human Services

The Judge, based on the evidence in the record and considering the arguments of the parties, recommends the following findings of fact, conclusions of law, and order.

*PO Box 64941• St. Paul, MN • 55164-0941 • An Equal Opportunity Employer*

## STATEMENT OF ISSUES

The issue raised in this appeal is:

> Whether the County agency correctly denied the appellant's request for the
> Minnesota Supplemental Aid housing allowance on the grounds, he does not meet
> the eligibility criteria.

## FINDINGS OF FACT

1.      The appellant is appealing Hennepin County Human Services inaction
and/or non-responsiveness to his request for a MSA shelter needy allowance. Appellant
filed a request challenging this action July 15, 2013, which the appeals office received on
this same date. At the request of the representative, the appellant's hearing was
rescheduled.  On August 22, 2013, Human Services Judge Marion F. Rucker held an
evidentiary hearing at the offices of Hennepin County Human Services.  The human
services judge closed the record consisting of appellant's exhibits A-D, agency's exhibit 1
and docket exhibit 1 on that date.

2.      The appellant receives MSA benefits.  He resides in a shared household.
The appellant receives $710.00 in Supplemental Security Income (SSI).  He has type 3
Ehlers-Danlos Syndrome (EDS) which is an inherited connective tissue disorder with
different presentations that have been classified into several primary types.

3.      EDS is caused by a defect in the synthesis of collagen, specifically
mutations in the COL5A and COL3A genes.  The collagen in connective tissue helps
tissues resist deformation. Collagen is an important contributor to the physical strength of
skin, joints, muscles, ligaments, blood vessels and visceral organs; abnormal collagen
renders these structures more elastic. Depending on the individual, the severity of the
mutation can vary from mild to life threatening. There is no cure, and treatment is
supportive, including close monitoring of the digestive, excretory and particularly the
cardiovascular systems.

4.      The appellant is requesting MSA "shelter needy" assistance and the
subsequent increase in his MSA benefits.

5.      It is the agency's position the appellant does not meet the eligibility criteria
for a MSA shelter needy allowance because he did not relocate to the community from an
institution or treatment center; is not eligible for Personal Care Assistant (PCA) services
(he has not had a PCA assessment) and does not receive waiver services.  However, he
meets all other requirements.  He is on a waiting list for subsidized housing, he is under
age 65 and his shelter expenses exceed 40 percent of his income.

6.     The appellant's attorney argued the appellant is eligible for PCA services. However, the County agency and the Minnesota Department of Human Services are requiring the appellant to undergo a nurse evaluation to determine his eligibility for specific PCA services. It is the representative's position, the appellant has a serious genetic disability which makes medical evaluations by personnel who are not extremely familiar with his condition dangerous to the appellant's health and safety. Furthermore, the appellant has no desire to receive PCA services. However, eligibility for such services remains a prerequisite to receiving a shelter needy allowance according to the County and State Department. The appellant is requesting that his alternate documentation of his limitations in major life activities be accepted as proof of his eligibility for PCA services, in place of the nurse assessment as a reasonable accommodation under the Americans with Disabilities Act.

## CONCLUSIONS OF LAW

1.     This appeal is timely under Minn. Stat. § 256.045, subd. 3.

2.     The Commissioner of Human Services has jurisdiction over this appeal under Minn. Stat. § 256.045, subd. 3.

3.     Notwithstanding the language in this subdivision, an amount equal to the maximum allotment authorized by the federal Food Stamp Program for a single individual which is in effect on the first day of July of each year will be added to the standards of assistance established in subdivisions 1 to 4 for adults under the age of 65 who qualify as shelter needy and are: (i) relocating from an institution, or an adult mental health residential treatment program under section 256B.0622; (ii) eligible for the self-directed supports option as defined under section 256B.0657, subdivision 2; or (iii) home and community-based waiver recipients living in their own home or rented or leased apartment which is not owned, operated, or controlled by a provider of service not related by blood or marriage, unless allowed under paragraph (g). *Minn. Stat. § 256D.44, subd. 5 (f) (1).*

4.     Notwithstanding subdivision 3, paragraph (c), an individual eligible for the shelter needy benefit under this paragraph is considered a household of one. An eligible individual who receives this benefit prior to age 65 may continue to receive the benefit after the age of 65. *Minn. Stat. § 256D.44, subd. 5 (f) (2).*

5.     "Shelter needy" means that the assistance unit incurs monthly shelter costs that exceed 40 percent of the assistance unit's gross income before the application of this special needs standard. "Gross income" for the purposes of this section is the applicant's or recipient's income as defined in section 256D.35, subdivision 10, or the standard specified in subdivision 3, paragraph (a) or (b), whichever is greater. A recipient of a federal or state housing subsidy, that limits shelter costs to a percentage of gross income, shall not be

3

considered shelter needy for purposes of this paragraph. *Minn. Stat. § 256D.44, subd . 5 (f) (3).*

6.      The self-directed supports option is available to a person who: (1) is a recipient of medical assistance as determined under sections 256B.055, 256B.056, and 256B.057, subdivision 9; (2) *is eligible for personal care assistance services under section 256B.0659(Emphasis added);* (3) lives in the person's own apartment or home, which is not owned, operated, or controlled by a provider of services not related by blood or marriage; (4) has the ability to hire, fire, supervise, establish staff compensation for, and manage the individuals providing services, and to choose and obtain items, related services, and supports as described in the participant's plan. If the recipient is not able to carry out these functions but has a legal guardian or parent to carry them out, the guardian or parent may fulfill these functions on behalf of the recipient; and (5) has not been excluded or disenrolled by the commissioner. *Minn. Stat. § 256B.0657, subd. 2 (a).*

7.      The commissioner may disenroll or exclude recipients, including guardians and parents, under the following circumstances: (1) recipients who have been restricted by the Primary Care Utilization Review Committee may be excluded for a specified time period;(2) recipients who exit the self-directed supports option during the recipient's service plan year shall not access the self-directed supports option for the remainder of that service plan year; and (3) when the department determines that the recipient cannot manage recipient responsibilities under the program. *Minn. Stat. § 256B.0657, subd. 2 (b).*

8.      "Assessment" means a review and evaluation of a recipient's need for personal care assistance services conducted in person. Assessments for personal care assistance services shall be conducted by the county public health nurse or a certified public health nurse under contract with the county except when a long-term care consultation assessment is being conducted for the purposes of determining a person's eligibility for home and community-based waiver services including personal care assistance services according to section 256B.0911. *Minn. Stat. § 256B.0659, subd. 3(a).*

9.      An assessment as defined in subdivision 3a must be completed for personal care assistance services. *Id. at subd. 4*

10.      The appellant's eligibility for MSA is not at dispute.  What is at dispute is whether he meets the eligibility criteria for a MSA shelter needy allowance.  It is the representative's position an exception should be made for the requirement of having a PCA assessment because the appellant's diagnoses of Ehlers-Danlos Syndrome proves his eligibility for PCA services.  He further argued the appellant should be allowed reasonable accommodations under Title II of the Americans with Disabilities Act.  The judge concludes reasonable accommodations can be made, if needed, when conducting a PCA assessment.  However, Title II of the Americans with Disabilities Act does not

negate the requirements set forth in law for a MSA shelter needy allowance or PCA assessments.

11.     The judge concludes the appellant does not meet the eligibility criteria for a shelter needy allowance based on the law set forth under conclusions of law three.  To qualify for the MSA needy shelter allowance, the appellant must receive PCA services. Pursuant to the law, an assessment for PCA services must be completed and the appellant must be determined eligible for services.  There is no exception to this requirement. Therefore, the judge concludes the appellant does not qualify for the MSA shelter needy allowance.  Accordingly, it is recommended the agency's decision not to approve the appellant for a MSA shelter needy allowance be upheld.

## RECOMMENDED ORDER

THE HUMAN SERVICES JUDGE RECOMMENDS THAT the Commissioner of Human Services AFFIRM the agency's decision not to approve the appellant's request for a MSA shelter needy allowance.


_____          _____
Marion F. Rucker                          Date
Human Services Judge                      October 29, 2013


## ORDER OF THE COMMISSIONER

IT IS THEREFORE ORDERED THAT based upon all the evidence and proceedings, the Commissioner of Human Services adopts the judge's recommended findings of fact, conclusions of law, and order as her final decision.

FOR THE COMMISSIONER OF HUMAN SERVICES:


_____          10-30-13
                                          Date


cc:     Eric Wong, Appellant
        Paul R. Hansmeier, Attorney for Appellant – Class Justice PLLC
        Rita McDermott, Hennepin County Century Plaza Building

### Right of Appeal to District Court and/or Reconsideration

An appellant or county agency who disagrees with this decision may:

Start an appeal in the district court. This is a separate legal proceeding, and you must start this within 30 calendar days of the date of the appeal decision by serving a notice of appeal upon the other party and the Commissioner. The law that describes this process is Minn. Stat. § 256.045, subd. 7.

Or

Ask the appeals office to reconsider this decision. You must put this request in writing, and state the reason(s) you believe the decision is incorrect. Send the request within 30 days of the date of the decision to:

> Appeals Office
> Department of Human Services
> P.O. Box 64941
> St. Paul, MN 55164-0941

# EXHIBIT B

**NOTICE OF APPEAL OF ERIC A. WONG
AND PROOF OF SERVICE OF NOTICE OF APPEAL**

## NOTICE OF APPEAL

In the appeal of:         ERIC A. WONG

State agency docket:      145209

To:          MINNESOTA DEPARTMENT OF HUMAN SERVICES,
             Appeals Office,
             P.O. Box 64941,
             St. Paul, MN 55164-0941; and

             HENNEPIN COUNTY HUMAN SERVICES AND
             PUBLIC HEALTH DEPARTMENT,
             Appeals Department,
             330 South 12th St., 2nd Floor,
             Minneapolis, MN 55404

**PLEASE TAKE NOTICE** that the above-named appellant, ERIC A. WONG, appeals to district court from an Order of the Commissioner of the Minnesota Department of Human Services issued on October 30, 2013, denying Minnesota Supplemental Aid "shelter needy" benefits, pursuant to Minn. Stat. § 256.045 Subd. 7.

DATED: ___11/27/13___

_____
Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801
*Attorney for Eric A. Wong*