# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Wong,<br><br>    Plaintiff,<br><br>    v.<br><br>Minnesota Department of Human Services,<br>Emily Johnson Piper, Hennepin County<br>Human Services and Public Health<br>Department, and Rex A. Holzemer,<br><br>    Defendants. | Case No. 13-cv-3378 (DWF/SER)<br><br>**REPORT AND RECOMMENDATION** |

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendants Hennepin County Human Services ("HCHS") and Public Health Department and Rex A. Holzemer's ("County Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) [Doc. No. 102] and Defendants Minnesota Department of Human Services ("DHS") and Emily Johnson Piper's ("State Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) [Doc. No. 109] (collectively "Motions to Dismiss"). This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C § 636 and District of Minnesota Local Rule 72.1. *See* (Order of Reference) [Doc. No. 120]. For the reasons stated below, the Court recommends that the Motions to Dismiss be granted and this case be dismissed with prejudice.

**I.    BACKGROUND**

Plaintiff Eric Wong ("Wong") brought suit against both County and State Defendants in December of 2013, alleging claims under: Title II of the Americans with Disabilities Act ("ADA"); section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 706, 794 ("RA"); the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1983; and judicial review

of state administrative decisions under Minnesota Statutes § 256.045, subdivision 7. *See* (Compl.) [Doc. No. 1 at 21–29]. Wong's Complaint was filed by his attorney at the time, Paul Hansmeier ("Hansmeier"). *See* (*id.* at 33).

On September 29, 2014, the Honorable Judge Donovan W. Frank dismissed Wong's complaint with prejudice. (Mem. Op. & Order Dated September 26, 2014) [Doc. No. 33]. Wong appealed, and the Eight Circuit affirmed in part and vacated in part Judge Frank's decision and remanded for further consideration. (Op. of the United States Ct. of Appeals) [Doc. No. 38]. Consistent with the Eighth Circuit's opinion, Judge Frank issued a subsequent order on October 26, 2016, holding that Wong's claims for injunctive relief against defendants Johnson and Holzemer remained as did Wong's claims under the RA against all Defendants. (Mem. Op. & Order Dated Oct. 26, 2016, "Oct. 2016 Order") [Doc. No. 48 at 16–19, 22]. Judge Frank also exercised supplemental jurisdiction over Wong's claim under Minnesota Statutes § 256.045, subdivision 7. (*Id.* at 20–21, 22). Judge Frank dismissed all other claims with prejudice, including claims under the ADA for monetary damages against all defendants and for injunctive relief against the DHS and HCHS. (*Id.* at 19, 22).

In the intervening time between the Eight Circuit's decision and Judge Frank's October 2016 Order, Hansmeier was suspended, leaving Wong unrepresented in this matter. Order of Suspension Dated September 15, 2016, *In Re Paul Robert Hansmeier*, 16-mc-53 (JRT) [Doc. No. 1].

Wong first alerted the Court that he was having trouble obtaining substitute counsel by letter. *See* (Letter Dated Jan. 4, 2017) [Doc. No. 66]. Wong asserted that he is wheelchair-bound and has difficulty leaving the house because of pain associated with being moved. (*Id.* ¶ 4). Wong also asserted that he was in the process of retaining a new attorney, but that he "intend[ed]

to continue this case and will not drop it for any reason even if [he is] forced to continue the case pro se." (*Id.* ¶¶ 2, 3). On this basis, the Court proceeded to conduct its pretrial activities, but was stymied by Wong's failure to participate. *See, e.g.*, (Minute Entry Dated Feb. 8, 2017) [Doc. No. 69]; (Pretrial Scheduling Order) [Doc. No. 70]. For example, the Court rescheduled a pretrial conference because neither the County Defendants nor State Defendants could reach Wong in order to conduct meet and confer efforts prior to the pretrial conference. (Order Dated Dec. 29, 2016) [Doc. No. 65 at 1]. As part of the Order rescheduling the pretrial conference, the Court allowed Wong to attend telephonically. *See* (*id.* at 2). Notwithstanding the additional accommodations made by the Court, Wong did not appear at the rescheduled pretrial conference. *See* (Pretrial Scheduling Order at 1–2) (detailing the steps the Court undertook to enable Wong's participation and discussing his general failure to participate). Because of Wong's failure to participate in the litigation and on the basis of his assertion that he intended to continue *pro se*, the Court requested that "[i]f Mr. Wong would like the Court to consider whether appointment of counsel is warranted, Mr. Wong must do so by formal motion, including exhibits and sworn statements as needed, consistent with the Local Rules." (Text Only Entry Dated Mar. 17, 2017) [Doc. No. 72].

Four months later, the Court received a letter from Wong's mother—who is not an attorney—writing on behalf of her son. (Letter Dated July 12, 2017) [Doc. No. 75].[1] In her letter she asserted that "because of his medical condition, [Wong] cannot prepare and bring a formal motion asking for a court-appointed attorney." (*Id.*). Next, County Defendants and State Defendants each filed respective motions to compel discovery. *See* (County Defs.' Mot. To Compel) [Doc. No. 76]; (State Defs.' Mot. to Compel Discovery) [Doc. No. 84]. As part of

---

[1] This letter was received and scanned by the Clerk's Office on July 17, 2017.

3

Defendants' motions, they attested that Wong failed to respond to their meet and confer efforts. *See* (LR 7.1(a) Meet & Confer Statement) [Doc. No. 80]; (State Defs.' Compliance With Obligations to Meet & Confer Under LR 7.1(a)) [Doc. No. 86].

Soon thereafter—and despite the representation to the Court by Wong's mother—on August 21, 2017, Wong filed a Motion to Appoint Counsel. (Mot. to Appoint Counsel) [Doc. No. 92]. Finding that Wong failed to substantiate his claims that appointment of counsel was warranted, this Court denied his motion. (Order Dated Oct. 10, 2017, "Oct. 2017 Order") [Doc. No. 99]. The Court also noticed a hearing on Defendants' motions to compel, allowing Wong to appear telephonically. *See* (Text Only Notice Dated Sept. 1, 2017) [Doc. No. 98].

At the hearing on the motions to compel, Wong appeared by phone but provided no arguments related to the Defendants' respective Motions to Compel. Ruling from the bench, this Court instructed that Wong comply with Defendants discovery requests within thirty (30) days and that if Wong failed to do so, the Court would entertain motions for sanctions, including dismissal. *See* (Text Only Order Dated Oct. 18, 2017) [Doc. No. 101].

Wong never provided discovery and the County Defendants and State Defendants filed their respective Motions to Dismiss. (Mots. to Dismiss). Both the County Defendants and State Defendants argue that Wong's willful disregard of the Court's discovery orders and the prejudice inherent in their inability to defend themselves without the information in Wong's possession justify dismissal under the circumstances. *See generally* (Mem. of Law in Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), "County Defs.' Mem. in Supp.") [Doc. No. 105]; (State Defs.' Mem. of Law in Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), "State Defs.' Mem. in Supp.") [Doc. No. 112].

Wong never responded to Defendants' Motions to Dismiss, despite this Court giving Wong an extension to respond *sua sponte*. *See* (Text Only Order Dated Dec. 20, 2017) [Doc. No. 118] (allowing Wong to respond to both Motions to Dismiss on or before January 31, 2018). Instead, at the eleventh hour, Wong's mother filed a letter with the Court stating "Eric Wong currently is not well enough to respond." (Letter Dated Jan. 31, 2018) [Doc. No. 119].

## II. DISCUSSION

### A. Legal Standard

The Federal Rules of Civil Procedure contemplate dismissal when a party fails to comply with a court order. *See* Fed. R. Civ. P. 37. Nevertheless, dismissal is considered a drastic sanction. *See Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 718–719 (8th Cir. 2002) (suggesting dismissal under Rule 37 is a sanction of last resort). That is, "[t]he court should resort to the sanction of dismissal only when the failure to comply has been due to . . . willfulness, bad faith, or any fault of [Plaintiffs]." *Id.* at 718–719 (internal quotation marks omitted) (omission in original).

"[D]ismissal may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life & Accident Ins.*, 238 F.3d 937, 940 (8th Cir. 2000). "[B]efore imposing the sanction of dismissal, fairness requires that the Court consider whether a lesser sanction is available or appropriate." *Id.* at 941. "The [Court] is not, however, constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Id.*

### B. Analysis

As an initial matter the Court notes that it has broad discretion under Rule 37 of the Federal Rules of Civil Procedure when dealing with a party's failure to abide by a discovery order. *See* Fed. R. Civ. P. 37(b)(2); *see also Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992). Under the circumstances, the Court concludes that dismissal of this case with prejudice is the most appropriate sanction.

First, it is undisputed that Wong failed to abide by the Court's discovery order requiring that Wong provide the County and State Defendants the written discovery productions and responses owed. *See* (Text Only Order Dated Oct. 18, 2017) (ordering Wong to provided discovery to the County and State Defendants within thirty days of the Order); *see also* (Decl. of Daniel D. Kaczor) [Doc. No. 106 ¶ 2] ("To date, I have not received Plaintiff's Rule 26(a)(1) pretrial disclosures or Plaintiff's responses to the Hennepin County Defendants' First Set of Interrogatories or First Set of Requests for Production of Documents."); (Decl. of Frederic J. Argir in Supp. of State Defs.' Mot. to Compel Discovery, "Agrir Decl.") [Doc. No. 113 ¶ 2] ("I have not received Plaintiff's responses to State Defendants' First Set of Interrogatories and Request for Production of Documents.").[2]

Second, based on Wong's repeated failures to abide by Court orders or failure to appear as required, this Court concludes that Wong's actions are willful. The Eighth Circuit has identified certain situations where a failure to comply with a discovery order might not be willful, such as when the information was unknown or unavailable to the sanctioned party or the "failure to comply was . . . based on [a] claim of privilege." *See Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993). There is simply nothing in the record to justify Wong's failures in this regard.

---

[2]    The Argir Declaration was filed in support of the State Defendants' Motion to Dismiss. The Court assumes that the title of the Agrir Declaration is misnamed. *See* (Agrir Decl.)

6

Furthermore, in denying Wong's Motion to Appoint Counsel, this Court found that "Wong has failed to adequately substantiate" his claims "that he is unable to obtain counsel and that his condition prevents him from adequately representing himself." *See* (Oct. 2017 Order at 5). Specifically, the Court discussed Wong's prior litigation history and found "Wong's history in this District may not be noteworthy in its own right, but activity in other cases in which Wong has been associated undermines his assertions that his condition prevents him from adequately representing his interests" or "to obtain counsel." *See* (*id.* at 6–7) (citing cases, e.g., where Wong obtained substitute counsel both before and after he requested that he be appointed counsel). Wong did not object to the October 2017 Order and—as described above—persisted in his disregard of the Court's discovery orders.

As a result, the Court concludes that Wong's repeated failure to comply with discovery orders and failure to appear demonstrates a pattern of bad faith and willful conduct. *See United States v. Egan*, No. 13–cv–3640 (JNE/TNL), 2015 WL 5776145, at *5 (D. Minn. Aug. 17, 2015) (Leung, Mag. J.) ("The Court concludes that Egan's repeated failure to comply with the . . . discovery order and his failure to appear as ordered . . . constitute a pattern of bad faith and willful violations of the Court's orders.").

Third, Defendants have established Wong's conduct is prejudicial. Defendants have certain rights under the Federal Rules of Civil Procedure to receive timely responses in their efforts to defend themselves in this lawsuit. *See generally* Fed. R. Civ. P. 26–37. Failure to receive timely discovery is prejudicial. *See In re Baycol Prods. Litig.*, No. 04-cv-1233 (MJD/SRN), 2007 WL 1238872, at *2 (D. Minn. Apr. 26, 2007) (Nelson, Mag. J., *as adopted by* Davis, J.) (stating that failure to produce discovery was prejudicial because "[p]laintiff's failure

7

to comply with discovery makes it virtually impossible for [defendant] to prepare an adequate defense to his claim").

The question then turns on what is an appropriate sanction under the circumstances. *See Keefer*, 238 F.3d at 940. Rule 37 of the Federal Rules of Civil Procedure contemplates that a Court may remedy a failure to comply with a discovery order through subsequent "just orders." Fed. R. Civ. P. 37(b)(2)(A). Rule 37 further specifies a non-exhaustive list of potential remedies:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* As the County and State Defendants correctly note, under the circumstances, many of these available sanctions are inappropriate or would result in the same outcome as dismissal. *See* (County Defs.' Mem. in Supp. at 5–6); (State Defs.' Mem. in Supp. at 4) (incorporating County Defendants' argument by reference). For example, striking the Complaint in whole or in part would be equivalent to dismissing the case. Other sanctions, such as staying the proceeding, would do nothing to move the case forward and could be seen as rewarding Wong by saddling Defendants with additional delays in resolving the case. Furthermore, there is nothing to suggest that the additional time would result in Wong responding to the outstanding discovery requests. As a result, the Court finds that dismissal is the only appropriate sanction. *See Avionic Co.,* 957

8

F.2d at 558 (finding the dismissal was appropriate because the district court rightly concluded that the failure to abide by the oral discovery order was willful). Furthermore, Wong's failure to abide by the Court's orders, his failure to appear as required by the Court, and his failure to respond to Defendants' Motions for Sanctions "demonstrates a lack of interest in this case and an abandonment of his claims." *See In re Baycol Prod. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 3028272, at *2 (D. Minn. Oct. 15, 2007) (Nelson, Mag. J., *as adopted by* Davis, J.). As a result, the Court concludes that dismissal with prejudice is warranted. *See id.* (finding that dismissal with prejudice was warranted under similar circumstances).

### III.  RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Hennepin County Human Services and Public Health Department and Rex A. Holzemer's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) [Doc. No. 102] be **GRANTED**;

2. Defendants Minnesota Department of Human Services and Emily Johnson Piper's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) [Doc. No. 109] be **GRANTED**; and

3. This case be **DISMISSED with prejudice**.

Dated: March 29, 2018

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).